THOMAS RYAN, JR., vs. A. J. SANBORN.

Androscoggin.     Opinion November 27, 1908.

*Judge of Probate.     Unsigned Decrees.     Revised Statutes, chapter 65, section 16.*

A Judge of Probate has authority under the provisions of Revised Statutes, chapter 65, section 16, to sign and authenticate decrees which, through inadvertence his predecessor left unsigned or unauthenticated.

The plaintiff filed in the Supreme Judicial Court, Androscoggin County, a petition for partition of certain real estate. It was admitted the plaintiff at the time of filing the petition was the owner of one undivided eighth part of the premises described in the petition unless he has been divested of title by the action of the Probate Court in said county. In 1902 at a Probate Court held in said county, upon proper petition and notice and the filing of a legal bond, the guardian of the plaintiff was granted license to sell said eighth part of said real estate and a guardian's deed of conveyance of said eighth part was executed and delivered to one Parker Carson who had previously acquired title to the remaining seven-eighths. Carson then conveyed the whole of the real estate to the defendant. The Judge of Probate then in office through inadvertence failed to sign the decree granting the license or to approve the bond. After the expiration of his

term of office, his successor, some three years later, signed the decree and approved the bond, upon the ground that the decree was not signed and the bond approved through the inadvertence of his predecessor. But before the Judge of Probate signed the decree and approved the bond, a petition was filed for the removal of the guardian and a decree of removal was signed by the Judge upon the back of which was entered the minute, "Do not docket." Nothing further was done with the decree of removal.

*Held:* (1) That the action of the Judge of Probate in signing the decree left unsigned and in approving the bond left unapproved by his predecessor, was authorized by the statute, R. S., chapter 65, section 16. (2) That the action of the Judge of Probate under the statute, independent of any question affecting the guardianship of the plaintiff, related back to the act of his predecessor in office and is to be determined solely with reference to what his predecessor had done. (3) That it was unnecessary to decide whether the decree for the removal of the guardian was effective or not.

On report. Case remanded to court below.

Petition for partition filed in the Supreme Judicial Court, Androscoggin County. An agreed statement of facts was filed and the cause was then heard by the presiding Justice who ruled that a certain petition previously filed in the Probate Court for the removal of the guardian of the plaintiff "is still pending, and that the guardian has not yet been removed, and further that for this reason. the petitioner is not entitled to maintain this petition." Thereupon by agreement of the parties the case was reported to the Law Court upon the following stipulation: "If the foregoing rulings are correct, the petition is to be dismissed. Otherwise, the Law Court is to direct such judgment as the right of the parties require, upon the foregoing statement of facts."

The case is stated in the opinion.

*Mc Gillicuddy & Morey,* for plaintiff.

*Ralph W. Crockett,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, PEABODY, SPEAR, BIRD, JJ.

SPEAR, J. This is a petition for partition and involves the title of the petitioner. It is admitted that he is the owner of the undivided eighth of the premises described in the petition unless he has been divested of title by the action of the Probate Court as follows:

On October 14, 1902, the petitioner was an adult person under guardianship. His duly appointed and qualified guardian Maggie G. Ryan, on that day filed her petition for license to sell said estate at public or private sale, in the Probate Court for Androscoggin County. Due notice thereof was given and on November 11, 1902, she filed a bond for the sale of such estate in said court. The decree for the sale was not signed by the Judge of Probate, nor was the form of approval printed on the bond signed, though both were then dated, nor was the bond then approved in any way. No license to sell was ever issued. But on the same day, November 11, 1902, the guardian made a guardian's deed of conveyance in due form of the said estate to one Parker Carson who had previously acquired title to the remaining seven-eighths. Carson conveyed the whole to the defendant. The Judge of Probate then in office, Hon. Franklin M. Drew, continued in office until January 1, 1905, when he was succeeded in the office by Hon. William H. Newell. Nothing further was done in the matter by Judge Drew while he remained in office.

On April 9, 1907, a petition was filed in the Probate Court for the removal of the guardian, on which after notice and hearing, Judge Newell on July 20, 1907, made and signed the following decree:

It is decreed that said Maggie G. Ryan be and she is hereby removed from her said office and trust as guardian of Thomas Ryan, Jr. for causes set forth in the petition.

WM. H. NEWELL,<br>Judge of Probate.

After leaving the probate office, Judge Newell from his own office telephoned the Register of Probate not to docket the decree, but to hold it. Thereupon the following minute was made on the back of the petition: "Do not docket. Hold by order of Judge Newell, July 20, 1907." Nothing further has since been done with respect to that decree.

On January 14, 1908, Judge Newell signed the decree of sale of November 11, 1902, in the following form:

STATE OF MAINE.

Androscoggin, ss.

At a Probate Court held at Auburn in and for said county, on this eleventh day of November in the year of our Lord, one thousand nine hundred and two.

On the foregoing petition, public notice thereon having been given pursuant to the order of court a hearing having been had, and it appearing that the allegations therein are true.

It is decreed that said petitioner have license as prayed for, to sell and convey said real estate described in said petition, at public or private sale, for the purpose therein named, she first giving bond with sufficient securities in the sum of three hundred dollars.

On January 14, 1908, I signed the within decree, which was made by my predecessor as Judge of Probate Court for the County of Androscoggin, and which it appears from his statement, was not signed through inadvertence.

WILLIAM H. NEWELL,

Judge.

And on the same January 14, 1908, Judge Newell approved the bond for the sale of Real Estate filed November 11, 1902, by decree in the following form :

STATE OF MAINE.

Androscoggin ss.                                    Probate Court.

Nov. 11th, A. D. 1902.

Examined and approved by me on January 14th, 1908, it having been made to appear from Hon. Franklin M. Drew that the same was presented to him for approval, and that the same was not done through inadvertence.

WILLIAM H. NEWELL,

Judge of Probate.

Upon the foregoing statement of facts we deem it immaterial and therefore unnecessary to decide, whether the decree for the removal

of the guardian was effective or not. The action of the Probate Court under the statute, independent of any question affecting the guardianship of the petitioner, related back to the act of his predecessor in office and is to be determined solely with reference to what his predecessor had done. R. S., chapter 65, section 16, is clear upon this point. "Every Judge, upon entering upon the duties of his office, shall examine the records, decrees, certificates and *all proceedings connected therewith,* which his predecessor left unsigned or unauthenticated, and if he finds them correct, he shall sign and authenticate them, and they shall then be valid to all intents and purposes, as if such duty had been done by his predecessor while in office."

In the above decrees, Judge Newell, in issuing the license to sell and approving the bond, specifically states that it was made to appear that his predecessor in office had failed to sign them through inadvertence. It seems to the court that the statute was intended to cover just this case.

In the report it is stipulated: "If the foregoing rulings are correct, the petition is to be dismissed, otherwise the Law Court is to direct such judgment as the rights of the parties require upon the foregoing statement of facts."

The entry therefore must be,

> *Case remanded to the court below for such further proceedings upon the plaintiff's petition as the law requires.*